**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FARIDUR RAHMAN,

Petitioner,

v. Case No. 1:26-cv-002727 KWR-SCY

WARDEN, *Torrance County Detention Center*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. He asserts that his bond hearing was not sufficiently individualized. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Bangladesh detained by ICE at the Torrance County Detention Facility in New Mexico. He entered the United States on September 23, 2025. He was detained by

ICE on July 22, 2026. Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a) on August 11, 2026. The immigration judge denied bond, finding that he is a flight risk.

**DISCUSSION**

First, under Counts I and II Petitioner asserts that Respondents violated the INA because he has been mandatorily detained under 8 U.S.C. §§ 1225(b) or 1226(c). The Court disagrees. Petitioner received a bond hearing under § 1226(a), at which the immigration judge concluded he is a flight risk.

Second, Petitioner asserts that he did not receive an individualized bond hearing because the immigration judge did not provide "any reasoning in the written denial form to support the decision." Pet. ¶ 63, Doc. 1. He also asserts that generally bond hearings are now "pro forma" as immigration judges are being pressured to deny bond. As explained below, Petitioner has not demonstrated defects in his bond hearing amounting to a due process violation.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the

magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

Here, Petitioner asserts that the immigration judge erred by not providing "any reasoning in the written denial form to support the decision." Pet. ¶ 63, Doc. 1. He asserts that this demonstrates he did not receive an individualized determination. But Petitioner does not describe the immigration judge's oral ruling at the hearing, provide a proffer of the hearing or oral ruling, or provide a transcript. He does not allege that the immigration judge's oral ruling was inadequate. In the Court's experience reviewing hundreds of habeas petitions, the immigration judge's decision is contained in an oral ruling. Immigration judges generally make an oral ruling explaining why bond was denied. Petitioner does not assert that the immigration judge failed to make an oral ruling.

Finally, Petitioner generally asserts that bond hearings by immigration judges are pro forma as they are pressured to deny bond, but he does not connect this assertion to *his* bond hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.[1]

____________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[1] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.